THE PEOPLE *v.* GALLART ET AL.

APPEAL from the District Court of Guayama.

No. 71.—Decided May 3, 1907.

APPEAL—BILL OF EXCEPTIONS—STATEMENT OF FACTS—MANIFEST ERRORS.—Where there is no bill of exceptions or statement of facts, and it not appearing from the record that any error was committed which would warrant the reversal of the judgment appealed from, the same must be affirmed.

CRIME AGAINST PUBLIC JUSTICE—PUNISHMENT.—The fact that a defendant is punished by imprisonment in jail only, where the law provides for a fine and imprisonment for violation of section 137 of the Penal Code, is no reason for increasing the punishment of the defendant on appeal, nor will such circumstance render the judgment null and void; in fact far from this, such an error is favorable to the rights of the accused.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for respondent.

The appellant did not appear.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

This case was initiated by a sworn complaint made before the Justice of the Peace of Salinas, in which José H. Reyes of the Insular Police alleged "that on October 15, 1906, in the village of Coquí, in the judicial and municipal district of Guayama, José Gallardo and some others attempted to prevent him from arresting Luis Colón and Juan J. Bembenutti by crying out 'they shall not be arrested,' and making similar cries, and by grasping the said policeman by the arms and interfering to such an extent that he had to make use of force in arresting said individuals".

At the trial held in the District Court of Guayama they were found guilty, and on January 16, 1907, José Gallart, or Gallardo, was sentenced to imprisonment for one month, and José Contreras to imprisonment for six months, in the common jail of the district, and to pay the costs in equal parts.

Although five other persons were also convicted only Gallart, or Gallardo, and Contreras took an appeal to this Supreme Court.

But no bill of exceptions or statement of facts has been presented, nor have they even appeared in this Supreme Court, and upon these grounds the *fiscal* hereof prays that the judgment appealed from be affirmed.

It must be noted that they were convicted of a violation of section 137 of the Penal Code, and notwithstanding the fact that the penalty prescribed therein is a compound penalty of a fine not exceeding $5,000 and imprisonment in jail not exceeding one year, imprisonment in jail only was imposed.

I believe that upon an appeal the situation of the defendant should not be aggravated.

Furthermore, section 461 of the Code of Criminal Procedure prescribes:

"Neither a departure from the form or mode prescribed by this Code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right."

And in this case, instead of having been prejudiced, the defendants have been favored by the sentence. For this reason in presenting the case on appeal in the form in which they have, they clearly show that their sole purpose is to delay the execution of the sentence of conviction.

There is no ground for the reversal or modification of the judgment appealed from, and, therefore, it should be affirmed, with the costs of the appeal against the appellants.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, MacLeary and Wolf concurred.